FILED
at ___ O'clock & ___ min ___ M
OCT 2 7 2006

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

United States Bankruptcy Court
Columbia, South Carolina (1)

IN RE:  C/A No. 06-02857-JW

Chapter 13

Bruce Henry Kelly,

ORDER

Debtor.

ENTERED
OCT 2 7 2006
R. S. S.

This matter comes before the Court on Bruce Henry Kelly's ("Debtor") Motion to Dismiss ("Motion"). Randy Skinner ("Trustee") opposes the Motion on grounds that Debtor lacks cause to dismiss this case. Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[1]

## FINDINGS OF FACT

1. Debtor voluntarily filed this case under chapter 7 on July 7, 2006 and Trustee was appointed as the chapter 7 trustee.

2. Debtor previous was a joint debtor under chapter 13 in a case filed on April 14, 2005. Debtor voluntarily dismissed this case on June 26, 2006 based upon the death of his wife, who was the joint debtor in that case, and his subsequent inability to continue to make payments under the chapter 13 plan.

3. Prior to the petition date in this case but subsequent to the petition date in Debtor's first case, the South Carolina legislature amended S.C. Code Ann. § 15-41-30(1) (Supp. 2006) and increased the homestead exemption in South Carolina from $5,000.00 per person to $50,000.00 per person.

---

[1] To the extent that any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent that any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

4.   Debtor's schedules in this case indicate that there is $35,000.00 in equity in Debtor's residence. Debtor claims a $50,000.00 exemption in his residence under the amended statute. Debtor's schedules also indicate that he is retired and disabled and receives $1,614.00 per month in retirement and disability benefits as his sole source of income. Debtors' Schedule J indicates that his expenses are $1,622.00 per month. Debtor's scheduled creditors are large institutional creditors and local medical providers. A significant portion of the scheduled debt is joint debt with Debtor's son. To date, claims filed in Debtor's case total only $1,431.61.

5.   On September 11, 2006, Debtor filed the Motion and seeks to dismiss this case on grounds that he no longer wishes to proceed with this case because of the possibility that he may not be entitled to preserve his residence pursuant to the amended homestead exemption based upon novel arguments raised by the trustees in this District in other pending cases.

6.   Trustee objected to the Motion on September 12, 2006 on grounds that Debtor lacks cause to dismiss this bankruptcy case.

7.   Trustee conducted the meeting of creditors on September 19, 2006 and declared this case to be an asset case.

8.   Trustee filed an objection to Debtor's homestead exemption on September 29, 2006 on grounds that Debtor is only entitled to a $5,000.00 exemption.[2]

## CONCLUSIONS OF LAW

"While a debtor is free to file for bankruptcy protection, he does not enjoy the same discretion to withdraw his case once it has been commenced." In re Kirven, 188 B.R. 15, 16 (Bankr. D.S.C. 1994). To dismiss this case, Debtor must make a showing of cause. See 11 U.S.C. § 707(a). In Kirven, the Court adopted the standard enunciated by the court in In re

---

[2]   Debtor failed to separately respond to Trustee's objection to Debtor's homestead exemption; however, the Court did not enter the Trustee's proposed order because it contained conclusions on issues not fully presented to the Court.

2

Komyathy, 142 B.R. 755 (Bankr. E.D. Va. 1992), for determining whether to grant a debtor's motion to dismiss. The primary consideration is whether dismissal will cause some plain legal prejudice to creditors; however, the Court should also consider debtor's good faith, laches, and the absence of affirmative creditor consent to the dismissal. See Kirven, 188 B.R. at 16. Judge Burris considered similar factors in the recent case of In re Evans, C/A No. 05-13240-B, slip op. (Bankr. D.S.C. Jun. 5, 2006).

In Kirven, each factor weighed against the debtors. The debtors in Kirven received a substantial inheritance after the petition date and moved to dismiss the case six months after receiving the inheritance on grounds that they had the ability to repay all of their creditors. The Court denied the motion to dismiss on grounds that there was no guarantee that the debtors would use the inheritance to pay creditors, that debtors made numerous and significant misrepresentations to the court, and that debtors delayed in filing the motion until after the trustee filed an action to deny their discharge. See Kirven 188 B.R. at 17. Likewise, Judge Burris denied a motion to dismiss a chapter 7 case in Evans, where the debtor had substantial liquid assets and moved to dismiss the case after the trustee declared the case to be an asset case. See Evans, slip op. at 2-3.

In this case, Debtor did not delay in filing the Motion but timely moved to dismiss this case within two months after the petition date. The Motion was filed before Trustee declared this case to be an asset case and before Trustee objected to Debtor's homestead exemption. Despite receiving notice of the Motion, no creditor objected to the dismissal. There is no indication that Debtor has made misrepresentations to the Court or has otherwise acted in bad faith. Finally, unlike Kirven and Evans, Debtor's only substantial asset in this case appears to be his residence, which is not liquid or easily hidden or transferred to avoid the claims of creditors.

3

Debtor's creditors, which are principally large institutional creditors, may seek relief in state court and encumber the property by merely obtaining a judgment.[3] Several of the creditors in this case can also seek relief from Debtor's son. Whether Debtor is entitled to exempt the equity in his residence is also a matter of state law and can be resolved by the state courts, should any of Debtor's creditors reduce Debtor's obligation to judgment. If Debtor is correct in his interpretation of South Carolina exemption law, he would be able to exempt the equity in his property either in this Court or in a state court proceeding. If Trustee is correct in his interpretation, the amended statute will not protect the property from creditor's claims. Finally, allowing the dismissal, by requiring it to be with prejudice to bar any future filing, relieves possible prejudice by providing creditors an opportunity to collect in state court. Therefore, the Court cannot find, based on the facts of this case, that Debtor's creditors will be prejudiced by the dismissal.

While some bankruptcy courts have previously held that "cause" does not exist to dismiss a chapter 7 where a debtor filed under the mistaken belief that certain assets are exempt, Trustee's position on Debtor's exemption is an unsettled matter of law. See In re St. Laurent, 17 B.R. 768, 770 (Bankr. D. Me. 1982) (finding debtor's belief that all assets were exempt was clearly contrary to Maine state law); In re Stults, C/A No. 02-72620, slip op., 2002 WL 31996548, *2 (Bankr. C.D. Ill. Oct 09, 2002) (finding debtor's characterization of a non-exempt personal injury claim as a fully exempt worker's compensation claim was without merit). By moving to dismiss this case, Debtor seeks to take his chances outside of the protection of this Court, which could ultimately find that his homestead equity is exempt and grant him a discharge of his substantial medical and consumer debt. Debtor's understanding of the exemption law at

---

[3] The assets in Evans and Kirven could not be encumbered absent substantial effort on the part of the creditors to obtain a judgment and levy on the property and the creditors did not appear to have rights against non-filing third parties.

4

the time he filed his case is predictable and certainly not so absurd so as to deny Debtor's Motion and thereby penalize Debtor from relying on the advice of his counsel in filing this case under chapter 7. See In re McDaniel, C/A No. 6:05 BK 10028 ABB, slip op., ___ B.R. ___. 2006 WL 2413684, *3 (Bankr. M.D. Fla. Aug. 16, 2006) (allowing a debtor to voluntarily dismiss her chapter 7 when the filing was based upon inaccurate legal advise that certain tax debts would be discharged).

Based upon the foregoing, the Court finds that Debtor has demonstrated cause to dismiss this case, conditioned upon Debtor's affirmative consent that such dismissal is with prejudice to bar a refilling under any chapter of the Bankruptcy Code for a period of one year. Debtor shall indicate his consent by the filing of a statement by counsel or an affidavit within seven (7) days of the entry of this Order. Upon failure to file such consent, the Court shall enter a separate order denying the Motion.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
October 27, 2006